

*Phone:*   (215) 569-5371
*Fax:*     (215) 832-5371
*Email:*   Rhynhart@BlankRome.com

October 23, 2016

**VIA ECF**

Honorable William H. Pauley III
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

> Re: **Liquid X, Inc. v. Brooklawn Capital LLC, et al.,
> No. 16-cv-5528 (WHP)**

Dear Judge Pauley:

This firm represents Defendants Brooklawn Capital, LLC, Brooklawn Capital Fund, LLC, and Brooklawn Capital Fund II, LP (collectively, "Brooklawn") in the above-referenced action. We write pursuant to the Court's Individual Practices § III(A) to request that the Court set a pre-motion conference regarding Brooklawn's request that Plaintiff Liquid X, Inc. ("Liquid X") be ordered to produce James Kovacs for a deposition, or, in the alternative, provide Brooklawn with Kovacs' personal and business address so that we can serve him with a subpoena.

The parties are presently engaged in expedited discovery preparing for the hearing on November 14, 2016. As the Court knows, the hearing will concern whether Liquid X, Inc. is the alter ego of The Receivables Exchange, Inc. ("TRE"), such that Liquid X must be joined as a respondent in the AAA arbitration between Brooklawn and TRE.

Kovacs will be a key witness at the hearing. He was both TRE's Chief Financial Officer and Liquid X's Treasurer, at the same time. He was a founding shareholder of Liquid X, and is listed as Liquid X's Chief Strategy Officer on numerous documents. He masterminded the transformation of TRE into Liquid X. Both TRE and Liquid X have produced hundreds of emails from Kovacs in discovery. Kovacs has had both TRE and Liquid X email addresses, as well as a private G-mail address that Liquid X produced emails from just two weeks ago.

Brooklawn waited to notice Kovacs' deposition until it received his emails from Liquid X in early October. Thereafter, we immediately informed Liquid X's counsel on October 7, 2016 that we intended to depose Kovacs, and asked for dates when he was available. (*See* Exhibit A.) Three days later, in an October 10, 2016 phone call, Liquid X's counsel told us that Kovacs is

One Logan Square  130 North 18th Street  Philadelphia, PA 19103-6998
www.BlankRome.com

Boca Raton • Cincinnati • Fort Lauderdale • Houston • Los Angeles • New York • Philadelphia • Pittsburgh • Princeton • San Francisco • Shanghai • Tampa • Washington • Wilmington



Honorable William H. Pauley III
October 23, 2016
Page 2

only a "Liquid X consultant" who he does not represent, and that Kovacs is represented by TRE's counsel.

Since that call on October 10, 2016, we have been repeatedly asking TRE's counsel[1] if he will voluntarily produce Kovacs for deposition, or accept service of a subpoena, or simply provide Kovacs' address so we can serve him. After two weeks of nearly daily communications, it has become apparent that we are getting the run-around again.[2] TRE's counsel has advised that it will only accept service of the subpoena if Brooklawn agrees not to use Kovacs' deposition testimony as evidence against him in the fraud counterclaims that Brooklawn recently filed (which are stayed). When we would not agree to that, TRE's counsel advised that he does not have authority to release Kovacs' address. (*See* Exhibits B, C, D, E, F, G, H.)

Both Liquid X and TRE have Kovacs' address. They redacted the address from the employment documents they produced, so that Brooklawn cannot serve him.

Liquid X is the plaintiff in this case, it brought Brooklawn to this Court, and it apparently employs Kovacs as a "consultant." Liquid X's own documents reflect that Kovacs is much more than that: a founder, a major shareholder, Treasurer and Chief Strategy Officer. Liquid X somehow searched and produced Kovacs' private G-mails just two weeks ago.

<u>Liquid X has control over Kovacs, and it should produce him for deposition within ten (10) days. In the alternative, Liquid X obviously has past and/or present address information for Kovacs, and it should immediately produce that information so Brooklawn can serve him with a subpoena forthwith.</u>

In addition to the foregoing, in an effort to get this information from TRE as well, Brooklawn will be filing a copy of this letter with the Arbitrator in the TRE arbitration, Corinne Morrison, Esquire, and will request an order in the arbitration that TRE's counsel must immediately provide Kovacs' address information (improperly redacted from the documents that TRE produced in the arbitration).

---

[1] TRE's counsel is Michael Sims, Esquire—our opposing counsel in the AAA arbitration—who we deal with regularly on discovery disputes in the arbitration, and who produced documents just last week in the arbitration. Sims appeared in this Court to watch oral argument on Liquid X's preliminary injunction motion. Now, he is apparently representing Kovacs as well, who either works or consults for Liquid X (not TRE).

[2] TRE and Liquid X have repeatedly taken advantage of their tortured corporate relationship by claiming neither has the documents, only the other does, and acting as if they don't know each other, while they share the same offices and have a shared set of computer servers hosting their documents. This has resulted in months of delays in discovery in the arbitration.



Honorable William H. Pauley III
October 23, 2016
Page 3

                                              Respectfully,

                                              */s/ Daniel E. Rhynhart*

                                              DANIEL E. RHYNHART

cc:  All counsel of record (via ECF)
      Corinne Morrison, Esq., Arbitrator
      Michael Sims, Esq., counsel for TRE, via e-mail